JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 30 1985

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 647

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE NATIONAL MORTGAGE EQUITY CORPORATION MORTGAGE POOL CERTIFICATES SECURITIES LITIGATION

### TRANSFER ORDER

This litigation consists of four actions[1] pending in two federal districts:  three actions in the Northern District of California and one action in the Central District of California.  Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, by two defendants in all actions to transfer the three Northern California actions to the Central District of California for coordinated or consolidated pretrial proceedings with the action pending there.  Four defendants join in the motion.  Plaintiffs in all four actions as well as one defendant in two Northern California actions oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Central District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions arise out of the alleged fraud by the National Mortgage Equity Corporation in connection with the sale of certificates representing interests in mortgage pools to various investor institutions.  Centralization under Section 1407 is desirable in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Central District of California is the appropriate transferee forum.  We note that 1) several witnesses and pertinent documents are reportedly located there; 2) the principal fraudulent conduct is alleged to have occurred within that district; and 3) related state court actions are proceeding in nearby Los Angeles County Superior Court.

---

[1]  The Panel has been advised of the pendency of several related actions.  These actions will be treated as potential tag-along actions.  See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Northern District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable A. Wallace Tashima for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-647 -- In re National Mortgage Equity Corporation Mortgage Pool
        Certificates Securities Litigation

        Northern District of California

Riverhead Savings Bank, F.S.B. v. Wells Fargo Bank, et al.,
    C.A. No. C85-2742-SC
First Federal Savings & Loan Association v. Wells Fargo Bank, et
    al., C.A. No. C85-2743-SC
Missouri Savings Association v. Wells Fargo Bank, et al.,
    C.A. No. C85-3064-SC

        Central District of California

Bank of America N.T. & S.A. v. National Mortgage Equity
    Corporation, et al., C.A. No. 85-1415-AWT